LAWRENCE MYERS & another *vs.* ELEAZER PHILLIPS.

An agreement to reconvey, for a certain price, real estate held in fee under a foreclosure of a mortgage to secure a debt of less amount than the value of the estate, is a sufficient consideration, although purporting to be made by two partners, and executed by one only, for a contemporaneous agreement to give a promissory note of a larger amount; and an action may be maintained to recover the full amount of a note so given.

ACTION OF CONTRACT by Myers and Pike, copartners, on a promissory note for $1360.63. Answer, payment, and want of consideration. The case was submitted to the decision of the court upon the following facts :

On the 1st of April 1846 the defendant gave his note to the plaintiffs for $2624.93, payable in one year, and secured by a mortgage of real estate in New Bedford. That note was not paid at maturity, and the plaintiffs entered to foreclose the mortgage, and completed the foreclosure on the 14th of June 1851. The real estate was worth at the time of the entry $3000. On the 21st of August 1846 the defendant made to the plaintiffs another promissory note for the sum of $2430.61.

On the 10th of September 1851 an agreement was drawn up, by which, after reciting the defendant's indebtment to the plaintiffs in the sum of $6597.93, the foreclosure of said mortgage, and the defendant's desire of paying said debt and purchasing the estate, the plaintiffs' agreement to reconvey that estate for $4000 to the defendant, and the defendant's agreement to give the plaintiffs six promissory notes, payable in one, two, three, four, five and six years, respectively, the first note for $992, the second for $1360.63, and the others for different sums, making the whole amount $8193.46, it was agreed that, upon payment of all these notes, the plaintiffs should convey the estate to the defendant, and that the defendant should meanwhile retain possession thereof and receive all rents and profits, and pay taxes, and erect a building thereon worth at least $1000, and keep it insured for a certain sum. This agreement purported to be made by both plaintiffs as partners, but was signed and sealed by Myers alone.

The first note mentioned in this agreement was paid, and the second is the one in suit. The two original notes remained in possession of the plaintiffs until after the action was brought, and have since been brought into court and surrendered. The plaintiffs still hold the real estate in fee; but the defendant has always, with their assent, received all the rents and profits, and has erected a building thereon worth $2500.

*W. S. Dexter,* for the plaintiffs.

*E. L. Barney,* for the defendant.

METCALF, J. The defendant, on the 10th of September 1851, gave to the plaintiffs six promissory notes, amounting in the whole to $8193.46, payable in six successive years. Precisely how this aggregate amount was made up by the parties, we do not and need not know. The first of these notes for $992.83, has been paid. This action is brought on the second, which is for $1360.63; and the answer of the defendant sets up, as a defence, *first,* payment, *secondly,* want of consideration. But the agreed facts do not show either.

1. As to payment, the argument is, that the debt for which the note was given had been previously paid. And doubtless the note of April 1st 1846, for $2624.93, secured by a mortgage on real estate in New Bedford, was paid by a foreclosure of the mortgage; that estate being worth the amount of the note, or more. But the defendant wished to obtain a reconveyance of that estate from the plaintiffs. And by the agreement, which is in the case, bearing even date with that of the note in suit and the five other notes, the plaintiffs were to make such reconveyance on the defendant's paying them $4000; he to place a building on the estate, and to keep it insured to the amount of two thirds of its cost. To the amount of $4000, those notes were given in consideration of the aforesaid agreement to convey to the defendant the real estate therein described. Therefore no part of the consideration of the six notes was a debt previously paid.

The facts show that, when this action was instituted, the note which was secured by the aforesaid mortgage, and paid by the foreclosure thereof, and also another note of the defendant given

43*

to the plaintiffs, were in their hands.    It appears, however, from the clerk's files in this case, that those notes have been brought into court and surrendered, and that the defendant has taken them, leaving his receipt therefor.

2. The defendant contends that the agreement, which is in the case, executed by Myers only, to convey to the defendant the aforesaid estate in New Bedford, does not bind Pike ; and that if it shall not be voluntarily performed, the defendant cannot compel specific performance of it.    However this may be, we have no doubt that Myers is bound by that agreement, and that the defendant would have a legal remedy against him for a breach thereof ; *Elliot* v. *Davis*, 2 Bos. & Pul. 338 ; Collyer on Part. (3d Amer. ed.) § 471 ; *Mounsey* v. *Drake*, 10 Johns. 29 ; and that, as the defendant accepted that agreement, in the form in which it stands, and gave the several notes described in the statement of facts, there was a legal consideration, to the amount of $4000, for those notes ; one promise being a sufficient consideration for another, when both are made at the same time.    The consideration for the further sum, making the whole $8193.46, is not denied by the defendant.    He took this engagement of Myers, knowing what it was, though not knowing, perhaps, what was its legal effect on Pike.    If he made a disadvantageous bargain—of which the court cannot judge—he made it under no deception, duress, or ignorance of facts.    He made it upon an agreement binding on Myers, if not on Myers and Pike, which has not yet been broken, and which neither of them has since disabled himself to perform.

*Judgment for the plaintiff.*